UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANGIBLE ACQUISITIONS, LLC,

    Plaintiff,

vs.                                                                                              Case No. 14-10725

HSBC BANK, USA, N.A.,                              HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT (Doc. 8) AND DISMISSING CASE[1]**

**I. INTRODUCTION**

This is another one of many cases in this district challenging foreclosure proceedings and seeking to quiet title to real property. Plaintiff Tangible Acquisitions LLC ("Plaintiff") asserts a single claim against Defendant HSBC Bank, USA, N.A. ("Defendant"): quiet title. Now before the Court is Defendant's motion to dismiss and/or for summary judgment (Doc. 8). For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

**II. BACKGROUND**

This case involves property located at 5910 Ridgewood Lane in White Lake Township (the "property"). On March 16, 2004, James and Shea Panagos (the "Panagos") acquired the property by warranty deed. Defendant claims that, in 2005, the property was

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

conveyed to Fidelity Holding Systems, LLC ("Fidelity") by way of quit claim deed as security for a loan made by Fidelity to the Panagos. Fidelity did not record the quit claim deed. The Panagos filed an "Affidavit of Lost Deed" on April 16, 2014 saying that the quit claim deed to Fidelity was executed on November 10, 2005, and that Fidelity did not record the deed because it was lost.

Later, in 2006, the Panagos obtained a loan from NLC Financial Services LLC ("NLC") in the amount of $424,000.00. To secure payment of the loan, the Panagos granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for NLC. The mortgage was recorded and later assigned to Defendant in 2011. The assignment was also recorded.

In 2012, the Oakland County Treasurer recorded a Certificate of Forfeiture in the Oakland County Register of Deeds because the Panagos failed to pay the 2010 real estate taxes on the property. A second Certificate of Forfeiture was recorded in 2013 for failure to pay the 2011 real estate taxes on the property.

Fidelity redeemed the property from tax forfeiture in 2013 by paying the 2010 real estate taxes in the amount of $7,194.74. In addition, Fidelity recorded an Affidavit of Claim of Interest in the property, claiming legal interest title.

After the Panagos stopped paying on the NLC mortgage, Defendant initiated foreclosure by advertisement proceedings pursuant to Michigan law. A sheriff's sale occurred on May 28, 2013. Defendant obtained the property by placing the highest bid of $608,405.10. While the foreclosure proceedings were pending, the Panagos redeemed the property from tax forfeiture by paying the 2011 real estate taxes in the amount of $6,120.28.

On August 7, 2013, Plaintiff filed a complaint in Oakland County Circuit Court against Defendant, the Panagos and others, seeking to quiet title to the property. Subsequently, on August 27, 2013, Fidelity conveyed its purported interest in the property to Plaintiff by quit claim deed.

Defendant filed a motion for summary disposition in the state court action. Shortly after, on November 26, 2013, the Panagos conveyed their interest in the property to Fidelity pursuant to two quit claim deeds.

The statutory redemption period under Mich. Comp. Laws § 600.3240 relating to the sheriff's sale of the property to Defendant expired on November 28, 2013. Neither the Panagos, Fidelity, nor Plaintiff redeemed the property.

On January 23, 2014, the Oakland County Circuit Court entered an order granting Defendant's motion for summary disposition. The court determined that the purported purchase of the property by Plaintiff from Fidelity by quit claim deed on August 27, 2013 was invalid, and, at the most, Plaintiff or its predecessor in interest could have acquired a lien against the property for paying the taxes. Specifically, the court stated:

> Pursuant to MCL 211.78m, the foreclosing entity was not authorized to dispose of foreclosed property via a "separate agreement" for a private sale. Thus, the transaction alleged by Plaintiff could not have resulted in the transfer of ownership of the property to Plaintiff's predecessor in interest, nor in the extinguishment of prior claims against the property. Rather, the most that Plaintiff's predecessor in interest could have acquired is the interest it would have received if it had paid off the past due taxes before the expiration of the redemption period. Thus, Plaintiff is not entitled to the declaration it seeks [quiet title], and summary disposition is appropriate pursuant to MCR 2.116(C)(10).

Plaintiff did not appeal the Oakland County Circuit Court's decision.

Plaintiff filed this action on February 14, 2014 seeking to quiet title to the property.

3

### III. LEGAL STANDARDS

**A. Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

**B. Summary Judgment**

The standard for summary judgment is well known and is not repeated in detail. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact drawing "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

### V. DISCUSSION

Plaintiff's complaint to quiet title fails and is subject to dismissal for three reasons. First, the complaint is barred by principles of res judicata. Second, the complaint is barred

by the *Rooker-Feldman* doctrine.  Finally, Plaintiff has not shown the requisite fraud or irregularity sufficient to unwind the completed foreclosure sale under Michigan law.  The Court explains each point in turn.

**A. The Complaint Is Barred By Res Judicata**

Plaintiff already filed an identical action in state court.  Therefore, this action is barred by res judicata.

Under the full faith and credit statute, 28 U.S.C. § 1738, a federal court must give preclusive effect to prior state court actions according to preclusion law of the state.  *San Remo Hotel, L.P. v. City and Cnty. Of San Fran., Cal.*, 545 U.S. 323, 336 (2005) ("This statute has long been understood to encompass the doctrines of res judicata, or "claim preclusion," and collateral estoppel, or "issue preclusion."); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 520 (6th Cir. 2004) ("[P]reclusive effect must be given to . . . prior state-court action[s] under 28 U.S.C. [§] 1738 according to res judicata law of the state.").

The Michigan Supreme Court has recognized that "[t]he doctrine of res judicata bars a subsequent action when '(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes v. Titus*, 481 Mich. 573, 585 (2008).

Here, all three factors show that res judicata bars Plaintiff's action.  First, Plaintiff filed a prior state court action to quiet title to the same property.  The state court decided the case on the merits by granting Defendant's motion for summary disposition.  Plaintiff concedes that a state court's decision on summary disposition amounts to a decision on the merits.  However, Plaintiff contends that the state court did not decide the same issue here – which party has superior title to the property.  Plaintiff is mistaken.  Like the

complaint filed in this case, Plaintiff's state court complaint sought to quiet title to the property. Indeed, in the request for relief in the state court complaint, Plaintiff asked the court to "enter judgment determining that Plaintiff holds full legal and equitable title to the Property in fee simple absolute, free and clear of any and all claims of each Defendant in this action, and quieting title to the Property forever in Plaintiff." The state court's decision granting summary disposition to Defendant – in effect denying Plaintiff any legal or equitable title to the Property – amounts to a decision on the merits.

Second, the matter contested here was resolved in the state court action. As explained, Plaintiff seeks the very same relief here as it did in state court. Plaintiff argues that the state court did not consider some of the evidence, including the purported 2005 quit claim deed from the Panogos to Fidelity. Plaintiff's argument is flawed. It does not matter that the state court did not mention in its order every fact presented by the parties. What matters is that the state court's order resolved the quiet title issue by granting summary disposition to Defendant. Accordingly, Plaintiff's reliance on *McCoy v. Michigan*, 369 F. App'x 646 (6th Cir. 2010) is misplaced. In *McCoy*, the Sixth Circuit, applying Michigan law, determined that a suit is not barred by res judicata because a prior state court suit did not involve the same transaction. Here, Plaintiff's complaint is based on the same exact transactions/occurrences. That the Plaintiff chose not to present all of the evidence to the state court does not give it a second chance in this action.

Finally, the state court action involved the same parties. Plaintiff concedes this point.

**B. The Complaint Is Barred By *Rooker-Feldman***

In addition to being barred by res judicata, Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).[2]  The *Rooker-Feldman* doctrine strips federal courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (internal quotations omitted)).  In order to grant Plaintiff the relief it requests – quiet title – this Court would be required to reject the state court's judgment.  The Court lacks jurisdiction under *Rooker-Feldman*.  The proper course Plaintiff should have taken is an appeal from the state court's decision.

**C. Plaintiff Has Not Created A Genuine Issue Of Material Fact Entitling It To The Property**

Even if Plaintiff's complaint is not barred by res judicata and *Rooker-Feldman*, it has not established a genuine issue of material fact that it is entitled to the property.  To unwind a completed foreclosure sale under Michigan law, Plaintiff must show that it was "prejudiced" by Defendant's failure to comply with Michigan's foreclosure by advertisement statute.  *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012).  "To demonstrate

---

[2] Although the parties do not raise *Rooker-Feldman* in their briefs, the Court has a duty to determine whether it has jurisdiction to proceed on the merits.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.") (citations omitted).

7

such prejudice, [Plaintiff] must show that [it] would have been in a better position to preserve [its] interest in the property absent defendant's noncompliance with the statute." *Id.* at 116.  Here, Plaintiff has not alleged that there was a defect in the foreclosure process, nor has it shown fraud or irregularity sufficient to unwind the completed foreclosure sale. Although Plaintiff was aware that a sheriff's sale had been completed, it made no attempt to redeem the property.  As such, Plaintiff has no claim to the property.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 30, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160